IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02488-DME-MJW

NEVILLE MANDERSON,

Plaintiff,

v.

FOREST OIL CORPORATION,

Defendant.

---

**MINUTE ORDER**

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the Plaintiff's Motion to Compel Discovery and Motion for Sanctions **(Docket No. 26 )** is **denied** substantially for the reasons stated in the defendant's response (Docket No. 28). More specifically, the court finds as follows.

**Category A.** Interrogatory Nos. 1 and 2 and Request for Production No. 6 (concerning the employee roster to learn the names and ages of <u>all</u> employees hired, retained, or terminated by the company in past five years, job titles, and supervisors) are overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. This is a disparate treatment case, not a reduction-in-force or pattern and practice case. Defendant has provided information for all employees in the same department as the plaintiff and/or who were supervised by Glen Mizenko. Defendant need not respond further to these discovery requests.

**Category B.** Defendant need not respond further to Interrogatory Nos. 3, 4, 5, and 6 and Request for Production Nos. 4, 5, and 7 (concerning the identify of plaintiff's replacement or how defendant distributed plaintiff's job duties after his termination). Defendant has fully responded.

**Category C.** Plaintiff's motion is moot with respect to Category C given plaintiff's acknowledgment in his Reply (Docket No. 29 at 5) that defendant has satisfied this category.

**Category D.** Interrogatory No. 9 and Request for Production No. 9 (regarding all complaints of discrimination made by any employee from 2005 to the present) are overly broad, not relevant, and not reasonably calculated to lead to the discovery of

admissible evidence. Once again, this is a disparate treatment case, not a reduction-in-force or pattern and practice case. Defendant has provided information for all employees in the same department as the plaintiff and/or who were supervised by Glen Mizenko. Defendant need not respond further to these discovery requests.

**Category E.**  Plaintiff's motion is moot with respect to Category E given plaintiff's advisement in his Reply (Docket No. 29 at 6) that plaintiff has prepared a protective order to send to defendant and that it appears that defendant will provide the requested comparator discipline information.

Date: August 10, 2010